01

02

03

04

05

06                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  JIMMY ESTUARDO BOLIVA PINEDA,          )
                                           )   CASE NO. C13-1672-RSL-MAT
09              Petitioner,                )
                                           )
10        v.                               )   REPORT AND RECOMMENDATION
                                           )
11  ICE FIELD OFFICE DIRECTOR,             )
                                           )
12              Respondent.                )
    _____ )
13

14              I.   INTRODUCTION AND SUMMARY CONCLUSION

15          Jimmy Estuardo Boliva Pineda ("petitioner") has filed a pro se petition for writ of

16  habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued

17  detention and seeking either supervised release or a bond hearing before an Immigration Judge.

18  (Dkt. 1.)  Respondent has moved to dismiss, arguing that petitioner failed to exhaust his

19  administrative remedies by requesting a bond redetermination hearing before an Immigration

20  Judge before seeking habeas relief under § 2241.   (Dkt. 7.)

21          For the following reasons, the Court recommends that respondent's motion to dismiss

22  be GRANTED, and this case be DISMISSED with prejudice.

01                    II.   BACKGROUND AND PROCEDURAL HISTORY

02          Petitioner is a native and citizen of Guatemala who entered the United States without

03   inspection, admission, or parole by an immigration officer on several occasions.   (Dkt. 7,

04   Attach. 1 at 3, 4, 24.)   On or about January 2, 2012, he was apprehended by the Department of

05   Homeland Security ("DHS") while attempting to reenter the United States without inspection.

06   (Dkt. 7, Attach. 1 at 1-3, 24.)   Petitioner was convicted of illegal entry and served a four month

07   sentence.   (Dkt. 7, Attach. 1 at 5.)   Upon completion of his sentence, petitioner was

08   transferred back to DHS custody.   (Dkt. 7, Attach. 1 at 5.)

09          On April 12, 2013, an Immigration Judge denied petitioner's application for asylum,

10   withholding of removal, and relief under the Convention Against Torture, and ordered him

11   removed to Guatemala.   (Dkt. 7, Attach. 1 at 4-23.)   Petitioner appealed the Immigration

12   Judge's removal order to the Board of Immigration Appeals ("BIA"), which dismissed the

13   appeal on August 19, 2013.   (Dkt. 7, Attach. 1 at 26-27.)

14          While petitioner's appeal was pending before the BIA, petitioner received a bond

15   redetermination hearing before an Immigration Judge.   (Dkt. 7, Attach. 1 at 28.)   On May 23,

16   2013, the Immigration Judge denied bond, finding both that she had "No Jurisdiction" and that

17   petitioner was a danger to the community and a flight risk.   *Id*.   On September 16, 2013,

18   petitioner filed the instant habeas petition, challenging the lawfulness of his continued

19   detention and seeking supervised release or a bond hearing before an Immigration Judge.

20   (Dkt. 1.)

21          On October 3, 2013, petitioner filed a petition for review and a motion for stay in the

22   Ninth Circuit Court of Appeals.   *See Pineda v. Holder*, No. 13-73471 (9th Cir. Oct. 3, 2013).

01  Pursuant to Ninth Circuit General Order 6.4(c)(1), the filing of the motion for stay of removal

02  triggered an automatic temporary stay.  *See id*., Dkt. 1.   On October 7, 2013, the government

03  filed a motion to dismiss the petition for review for lack of jurisdiction and a response opposing

04  petitioner's motion to stay removal.  *Id*. at Dkt. 4.   On October 24, 2013, the Ninth Circuit

05  granted the government's motion to dismiss the petition for review for lack of jurisdiction, and

06  the mandate issued on February 13, 2014, terminating the temporary stay of removal.  *Id*. at

07  Dkts. 6 and 9.

08                                          III.   DISCUSSION

09          Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of

10  aliens in removal proceedings.  *See* 8 U.S.C. § 1226.  That provision provides the Attorney

11  General with discretionary authority to release an alien on bond or conditional parole pending

12  the completion of removal proceedings, unless the alien falls within one of the categories of

13  criminal aliens described in § 1226(c) for whom detention is mandatory.  *See id*.

14          Once removal proceedings have been completed, the detention and release of aliens

15  shifts to 8 U.S.C. § 1231.  Section 1231 states that "when an alien is ordered removed, the

16  Attorney General shall remove the alien from the United States within a period of 90 days (in

17  this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  During the

18  removal period, continued detention is required.  8 U.S.C. § 1231(a)(2).  Section 1231(a)(6)

19  provides the Attorney General with discretionary authority to detain certain aliens beyond the

20  removal period, or to release them under an order of supervision.  8 U.S.C. § 1231(a)(6).

21          In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that the

22  government is entitled to a presumptively reasonable period of detention of six months to bring

01  about the alien's removal from the United States.  After this six-month period, the alien is

02  eligible for conditional release upon demonstrating that there is "no significant likelihood of

03  removal in the reasonably foreseeable future."  *Id.*

04        The determination of when an alien becomes subject to detention under Section 1231

05  rather than Section 1226 is governed by Section 1231(a)(1)(B), which provides:

06        The removal period begins on the latest of the following:

07        (i)     The date the order of removal becomes administratively final.

08        (ii)    If the removal order is judicially reviewed and if a court orders a stay of
                  the removal of the alien, the date of the court's final order.

09
10        (iii)   If the alien is detained or confined (except under an immigration process), the
                  date the alien is released from detention or confinement.

11  8 U.S.C. § 1231(a)(1)(B).

12        "Where an alien falls within this statutory scheme can affect whether his detention is

13  mandatory or discretionary, as well as the kind of review process available to him if he wishes

14  to contest the necessity of his detention."  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th

15  Cir. 2008).  "The statutory scheme governing the detention of aliens in removal proceedings is

16  not static; rather, the Attorney General's authority over an alien's detention shifts as the alien

17  moves through different phases of administrative and judicial review."  *Casas-Castrillon v.*

18  *Dep't of Homeland Sec.*, 535 F.3d 942, 945 (9th Cir. 2008).  As the Ninth Circuit has noted,

19  "[t]his makes the task of determining where an alien falls within this scheme particularly

20  difficult for a reviewing court, because the Attorney General's authority over the alien can

21  present a moving target."  *Id.* at 946.  Further, the authority over the alien at the time the

22  habeas corpus petition is filed may differ from the authority at the time a decision is filed.  *Id.*

01      On October 24, 2013**,** while this matter was pending, the Ninth Circuit dismissed the

02  petition, and the mandate issued on February 13, 2014, terminating the temporary stay of

03  removal.    As   a   result,   petitioner   entered   the   "removal   period."    *See*   8   U.S.C.   §

04  1231(a)(1)(B)(ii).   Accordingly, petitioner's detention is now governed by § 1231(a)(2) and

05  his detention is required.   8 U.S.C. § 1231(a)(2).   The ninety-day removal period will expire

06  on or about May 14, 2014**,** and the six month presumptively reasonable period will expire on or

07  about August 13, 2014.   Petitioner's detention is therefore lawful and the court must deny

08  habeas relief.   *See Zadvydas*, 533 U.S. at 701.   Should petitioner's detention continue past the

09  six-month presumptively reasonable period, he may file a new habeas petition and obtain

10  review.   At that time, however, petitioner must provide "good reason to believe that there is no

11  significant likelihood of removal in the reasonably foreseeable future."   *Zadvydas*, 533 U.S. at

12  701.

13                          IV.    CONCLUSION

14      For the foregoing reasons, the Court recommends that respondent's motion to dismiss

15  (Dkt. 7) be GRANTED, and this matter be DISMISSED with prejudice.

16      DATED this 20th day of February, 2014.

17

18

19                                          Mary Alice Theiler
                                            Chief United States Magistrate Judge

20

21

22

REPORT AND RECOMMENDATION
PAGE -5